UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DONNELL V. BOOKER** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-0064 |
| ) | Judge Trauger |
| **JIM MORROW, WARDEN** ) | |
| Respondent. ) | |

## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee High Security Facility in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jim Morrow, his former Warden at the Southeastern Tennessee State Regional Correctional Facility, seeking a writ of habeas corpus.

On July 18, 2005, the petitioner pled guilty in the Criminal Court of Davidson County to attempted second degree murder and aggravated robbery (2 counts). Docket Entry No. 17-3. For these crimes, he received an effective sentence of twenty (20) years in prison. Docket Entry No. 17-1 at pgs. 17-19.

Having pled guilty, the petitioner did not seek a direct appeal of the convictions. However, in July, 2006, the petitioner did file a *pro se* petition for state post-conviction relief. Docket Entry No. 17-1 at pgs. 20-35. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed. Docket Entry No. 17-4 at pg. 6. Following an evidentiary hearing, the trial court denied the petition. Docket Entry No. 17-1 at pgs. 53-63. On appeal, the Tennessee Court

1

of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 17-6. The Tennessee Supreme Court later denied the petitioner's application for further review. *Id.* at pg. 2.

On December 5, 2008, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus.[1] The petition sets forth four claims for relief. These claims include :

> (1) the petitioner's guilty pleas were neither knowingly nor willingly given;
>
> (2) the petitioner was denied the effective assistance of counsel when his attorney
> > a) failed to "adequately consult with the petitioner and advise him of the Pleas' consequences";
> > b) failed to "adequately investigate the facts of the cases"; and
> > c) induced him into pleading guilty.[2]

During the course of a preliminary examination of the petition, it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 15), to which the petitioner has offered no reply.[3] Upon consideration of the petition, respondent's Motion to Dismiss and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary

---

[1] Pursuant to the prisoner mailbox rule, the petition is considered filed on the date that it was placed in the prison mail system for posting. Houston v. Lack, 487 U.S. 266 (1988). The petitioner avers that this occurred on December 5, 2008. Docket Entry No. 1 at pg. 14.

[2] The petitioner was represented by Paul Bruno, a member of the Davidson County Bar.

[3] No reply has been forthcoming from the petitioner even though he was twice granted an extension of time in which to submit such a pleading. Docket Entry Nos. 19 and 23.

2

hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner's claims were fully litigated in the state courts and were found to be lacking in merit.[4] Docket Entry No. 17-6. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 120 S.Ct. 1511.

The petitioner first claims that his guilty pleas were not valid. A guilty plea will survive constitutional scrutiny if it is found to be both voluntarily and intelligently given, Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005), as determined by the totality of the circumstances. Boykin v.

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

3

Alabama, 395 U.S. 238, 242-244 (1969). The respondent bears the burden of making such a showing. Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds,* Bradshaw v. Stumpf, *supra.*

The expanded record includes a transcript of the petitioner's plea submission hearing. Docket Entry No. 17-3. The transcript reveals that the petitioner was fully informed of the nature of the charges against him and the consequences of a guilty plea. *Id.* at pgs. 5-7. The petitioner acknowledged that he was pleading guilty "because I'm guilty." *Id.* at pg. 19. He admitted to having "thorough discussions" with counsel about the case before entering his guilty pleas. *Id.* at pgs. 16, 19.

The petitioner questions the validity of the pleas by alleging that his attorney pressured him with the threat of a federal prosecution if he didn't plead guilty. During the hearing, counsel made the court aware that the petitioner was concerned about the possibility of a subsequent federal prosecution. *Id.* at pgs. 11-12. While this possibility may have, to some degree, entered into the petitioner's decision to plead guilty, the petitioner stated that he had neither been threatened nor coerced in any way into giving a guilty plea. *Id.* at pg. 21; *see also* Docket Entry No. 17-1 at pg. 13. In fact, he told the trial judge that he was entering his plea because "I just want to get it over with to be honest with you." *Id.* at pg. 17. Therefore, having considered the totality of the circumstances under which the petitioner offered his guilty pleas, the Court finds that the pleas were voluntarily and intelligently given.

The petitioner has also raised three instances in which he was allegedly denied the effective assistance of counsel. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449 (1970). To establish

4

a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". *Id.* at 104 S.Ct. 2052. When attempting to set aside a guilty plea, the petitioner must also show a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

The state courts applied the holding of Strickland, *supra,* to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. *See* Docket Entry No. 17-6. The record supports these findings.

Initially, the Court notes that nowhere in his petition has the petitioner stated that, but for counsel's errors, he would have insisted on going to trial.[5] At his plea submission hearing, the petitioner told the court that he was satisfied with the work that counsel had done. Docket Entry No. 17-3 at pg. 16. A private investigator (Patrick Wells) had been retained to investigate all aspects of the case, counsel had discussed the case "thoroughly" with the petitioner, and counsel was "absolutely" ready to go to trial if that was the petitioner's decision. Docket Entry No. 17-2 at pg. 36. The petitioner acknowledged that counsel had done everything that he had asked him to do. Docket Entry No. 17-3 at pg. 16; *see also* Docket Entry No. 17-1 at pg. 13. As a consequence, it is clear that the record fully supports the finding of the state courts that the petitioner was not denied the effective assistance of counsel.

---

[5] The petitioner had three other attorneys before Mr. Bruno took over three months before the case was set for trial. Docket Entry No. 17-2 at pgs. 6-7.

5

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's claims have no merit.

An appropriate order will be entered.

                                        Aleta A. Trauger
                                        United States District Judge